THE EAGLE & PHENIX MFG. CO. *v.* BELCHER, guardian.

1. The action being by a mother as guardian of her minor child against a bank, to recover a deposit made by the grandmother of the child in its name, and the controlling questions being whether the money was furnished by the grandmother herself, or was a gift to the child from the mother and entrusted to the grandmother to be deposited, and whether the bank at the time it subsequently paid out the money on the grandmother's check had notice of the gift, and the evidence being positive and uncontradicted that it had such notice, a request to charge the jury, based in part upon the hypothesis that it did not have such notice, was rightly refused.

2. Whether, after such notice to the bank, the mother's assent to the payment of the money on the grandmother's check could rightly be inferred from a given state of circumstances, such as that the bank sent for the mother and she and the grandmother had a conversation about the deposit and the right of the grandmother to draw out the money, and she did not then or afterwards give notice to the bank that she still objected to any payment to the grandmother, she having previously given notice of her objection in express terms, was a question of fact for the jury, and not one of law for determination by the court.

3. The verdict was warranted by the evidence. *Judgment affirmed.*

June 8, 1892. By two Justices. Argued at the last term.

Banks and depositors. Notice. Charge of court. Before Judge MARTIN. Muscogee superior court. May term, 1891.

The suit was by Mrs. Jennie Belcher as guardian of her minor child, Jessie V. Belcher, to recover a sum of money deposited in the savings bank department of the defendant. She obtained a verdict, and the defendant's motion for a new trial was overruled. The evidence shows that the money was deposited in three sums, $80 on July 1, 1887, $20 on March 6, 1888, and $20 on March 14, 1888; and the account was made in the name of Jesse V. Belcher. The pass-book also was issued in her name, and it contained certain rules and regulations stating, among other things, that deposits might be drawn out by the deposit-books; that all payments made to persons producing the depositor's pass-book should be good and valid, unless the pass-book had been lost and notice given to the bank before payment; that the reception of this book should be considered as an assent to these rules and regulations; and that married women and children should have control of their deposits. The pass-book shows also two entries of credit to the bank: one a payment of $20 on June 12, 1888; the other a payment of the balance deposited, August 4, 1888. To whom the $20 payment was made does not appear; and that amount was allowed the defendant in the judgment denying a new trial. The rest of the deposit was paid by the bank, on August 4, 1888, to Mrs. Elizabeth Belcher, mother-in-law of the plaintiff and grandmother of Jessie V. Belcher, on presentation of the pass-book by her. This was a few days after oral notice had been given to the bank by the plaintiff not to pay out the money as it belonged to her child. She testified that she also told the bank at that time that the money was her (plaintiff's) earnings and had been given by her to the child, and that Mrs. Elizabeth Belcher had no right

to it or to the book. The cashier of the bank testified that when Mrs. Elizabeth Belcher called to draw the money, he sent for the plaintiff, and she and Mrs. Elizabeth Belcher had a talk together, and he heard of no other objection until five days afterwards, when the bank was served by the plaintiff with written notice not to pay the money to Mrs. Elizabeth Belcher, she having obtained the pass-book without plaintiff's consent, etc. As to the ownership of the money before it was deposited the testimony is conflicting, the plaintiff and Mrs. Elizabeth Belcher each claiming to have earned it. The act of depositing was done by Mrs. Elizabeth Belcher; and from her testimony and that of the cashier it appears that when she made the deposit she stated to him that she wanted to control it, or wanted the right to draw it at any time, but that if she did not draw it before her death she wanted it to go to Jessie V. Belcher. The plaintiff testified that, being engaged at work all day, she could not attend to the deposits, but they were made at her direction by Mrs. Elizabeth Belcher, who always returned the book to plaintiff, who looked each time to see that the deposit was entered and placed the book in her own bureau drawer; and that the book was never in the possession of Mrs. Elizabeth Belcher, except for the purpose of making deposits, until the death of plaintiff's husband (an invalid), when Mrs. Elizabeth Belcher took the book from the drawer without the knowledge or consent of the plaintiff, who at once gave the bank the oral notice above mentioned, and the cashier told her he would not pay out the money unless she said so. As to the last statement the plaintiff was corroborated by her brother who went with her to the bank. Mrs. Elizabeth Belcher testified that the pass-book was never in the possession of the plaintiff, but witness kept it in a writing-box and kept the box in the bureau; that she and plaintiff slept in the same room;

that the book was always kept in the bureau drawer used exclusively by plaintiff and her husband, and witness had another bureau and a trunk where she kept her things; and that after her son's death she took the book out of the drawer, put it in a box she had, and put the box with the book in the trunk. She further testified that when she went to draw the money and the plaintiff came in on being sent for, witness told her she had come to draw the money, and plaintiff said she did not want to draw the money out unless it could be invested in a lot of land; and that witness would not agree to the purchase of the lot, and plaintiff walked off, and witness went and presented the book to the cashier and drew the money.

The grounds for new trial are, that the verdict was contrary to law and evidence, and that the court erred in refusing to charge, as requested by defendant, as follows:

"If the jury believe from the evidence that Mrs. Jennie Belcher, the mother of the child, gave notice to the bank prior to the money being drawn therefrom, that the bank must not pay out the money deposited in the name of her child, but did not notify the bank that the money deposited was a gift from herself, then under the deposit and the terms thereof, I charge you that if you believe that the grandmother made the deposit and stated at the time that it was her money which she was depositing and she reserved the right to withdraw it, then the bank is guilty of no breach of duty to the child in paying out the money to the grandmother upon the surrender of the pass-book to the bank. •

"I further charge you that if you believe from the evidence that, when the pass-book was presented by the grandmother with a demand for the deposit, the bank sent for the mother, and the mother and grandmother had a conversation about this deposit and the

right of the grandmother to draw out the money, and the mother, Jennie Belcher, did not give notice that she still objected to the payment to the grandmother, then the bank in paying out the money to the grandmother violated no duty to this child, and the mother for the child would be estopped by her silence from claiming this deposit, and the defendant bank would be entitled to recover, and the form of your verdict would be, 'We, the jury, find for the defendant.' "

PEABODY, BRANNON & HATCHER, for plaintiff in error. GOETCHIUS & CHAPPELL, *contra.*